O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 08-03654 DOC (CWx)                              Date: October 23, 2008

Title:  MARCHEL DESIGN, INC., DBA ITAL ART DESIGN V. THE BEST MASTER ENTERPRISES, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                   NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Before the Court is Defendants' The Best Master Enterprises, Inc. ("Best Master"); The Best Quality Furniture Manufacturing, Inc. ("Best Quality"); Hoc Van Ta; Bao Van Ta; and Does 1 Through 20 (collectively "Defendants") Motion to Dimiss Amended Complaint for Copyright Infringement Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court hereby DENIES Defendants' Motion.

## I. BACKGROUND

On December 14, 2007, Plaintiff Ital Art Design ("Ital") obtained a Certificate of Registration for a copyright with Registration Number VA 1-623-888 (the "'888 Copyright"), which protects Ital's ornamental design in an "original sectional sofa." Compl. ¶ 12. Defendants state that the design at issue (the "Design") is a "carved, decorative pineapple." Defs.' Mot. 1:17. Ital alleges that, at least as early as September 2007, Defendants began infringing on the Copyright by using the

copyrighted ornamental design on a competing sofa.

Defendants argue that they have not infringed any copyright, as the Design stems from a "shared idea of a 'decorative pineapple,' which is in the public domain." *Id.* at 1:25 - 1:28. In the instant Motion, Defendants argue that all of Ital's claims against Defendants should be dismissed because (1) evidence of substantial similarity between Defendants' product and the copyrighted ornamental design is necessary in order to sustain all of Ital's claims and (2) there is no "substantial similarity" between Plaintiff's ornamental design and Best Master's ornamental design.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atlantic*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

On June 4, 2008, Ital brought suit against Defendants, raising a number of claims under both federal and state law arising from the '888 Copyright. Ital alleged copyright infringement ("Claim 1"); contributory infringement ("Claim 2"); violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) ("Claim 3"); unlawful business practices in violation of California Business and Professional Code §17200 ("Claim 4"); and tortuous interference with prospective economic advantage ("Claim 5"). Ital requested an order finding that the '888 Copyright has been infringed, enjoining Defendants from future infringement of the Copyright, awarding Ital damages in an amount adequate to compensate Ital for copyright infringement, and awarding Ital all costs and fees associated with bringing this case. Defendants challenge each of these claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

### A. Claims 1 and 2: Copyright Infringement and Contributory Infringement

"To establish a successful copyright claim, a plaintiff must show: (1) his ownership of the copyright; (2) the defendant's access to his work; and (3) 'substantial similarity' between the defendant's work and his own." *Ted Berkic v. Michael Crichton, et al.*, 761 F.2d 1289, 1291 (9th Cir. 1985). To establish a successful contributory infringement claim, a plaintiff must also show, *inter alia*, direct copyright infringement by a third party which, as previously stated, includes a determination of substantial similarity. *See In re Napster, Inc. v. Copyright Litigation*, 377 F.Supp.2d 796, 801 (N.D. Cal. 2005).

The Ninth Circuit uses both an "extrinsic test" and an "intrinsic test" in determining whether two works are substantially similar. *Fabrica Inc. v. El Dorado Corp.*, 697 F.2d 890, 893 (9th Cir.1983). Because the "intrinsic test" is subjective, it is left to the jury. By contrast, the "extrinsic test" is "an objective comparison of specific expressive elements" *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir.2002)(citing Shaw, 919 F.2d at 1356) that may be determined as a matter of law at the pleading stage. *Christianson v. West Pub. Co.*, 149 F.2d 202 (9th Cir. 1945). The extrinsic test is applied first. *Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1369-70 (Fed. Cir. 2006).

In applying the extrinsic test, the Court must "take care to inquire only whether 'the protectable elements standing alone are substantially similar.'" *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir.2002) (quoting *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir.1996)). That is, the Court must not consider non-protectable elements under the extrinsic test. *Id*. In this case, the only protectable element, under the '888 Copyright, is the ornamental wood carvings with a pineapple design. [Exhibit A to Amended Complaint, Copyright Office Notes.]

### 1. The "Extrinsic Test"

The extrinsic test for substantial similarity focuses on "alleged similarities in the objective details of the works." *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir.1984). Defendants argue that, objectively analyzed, the parties' ornamental wood designs are "completely different." Defs. Mot. 9:20 - 9:22. Defendants cite the following differences between the two designs: (1) difference in the shade of finish used on the wooden design, (2) difference in the shape of the base of the pineapple, (3) minute differences in the leaves of the pineapple, and (4) minute differences in the width of the carving. Defs. Mot. 10:1 - 10:10. Defendants then argue that the no reasonable jury could find for Plaintiff on the substantial similarity issue.

Ital counters that both wood carvings are (1) "multi-segmented into diamond shaped scales that decrease in size from the bottom to the top," (2) contain a "rounded bottom" and (3) are "pointed at the top." The Court notes that the extrinsic test does not inquire as to whether there are *any* differences between the works but, rather, whether there exists a *substantial similarity* between the

works.  Plaintiff's allegations – along with the pictures of the designs at issue that were submitted to this Court – are enough to demonstrate that a reasonable jury *could* find that there is a substantial similarity between the works.

For the foregoing reasons, Defendants motion as to Claims 1 and 2 is DENIED.

### B. Claim 3:  Violation of Section 43(a) of the Lanham Act

Section 43(a) of the Lanham Act makes a person liable for using a false description or designation of origin in connection with any goods and services put into commerce where such false description or designation of origin is likely to cause confusion, mistake or deception.  15 U.S.C. §1125.  Plaintiff has accused Defendants of trade dress infringement under the Lanham Act.  In support of its Motion to exclude this claim, Defendants argue that (1) a claim for trade dress infringement requires "substantial similarity" between the two designs at issue and (2) that the two designs at issue are not substantially similar.  As noted above, the evidence submitted to this Court is sufficient to establish that a reasonable jury could find a substantial similarity between the two ornamental designs at issue.  The Court DENIES Defendants' Motion as to Claim 3.

### C. Claim 4 and Claim 5:  Violation of California Business and Professional Code §17200

Section 17200 of the California Business and Professions Code ("Section 17200") prohibits any "lawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code §17200.  Similarly, interference with a prospective economic advantage requires the use of "improper methods of diverting or taking business from another."  *Baldwin v. Marina City Properties, Inc.*, 79 Cal. App. 3d 393, 406 (1978).  Once again, Defendants argue that "without substantial similarity Plaintiff cannot show any wrongful conduct or unfair competition."  And, once again, the Court references its finding that a reasonable jury could find a substantial similarity between the two ornamental designs at issue.

The Court DENIES Defendants' Motion as to Claims 4 and 5.

## IV. OUTCOME

For the foregoing reasons, Defendant's Motion is hereby DENIED.  The Clerk shall serve this minute order on all parties to the action.